34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard Darnell GREENWOOD, Plaintiff-Appellant,
v.
BECHILL, Defendant-Appellee.
 No. 94-1367.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals a district court summary judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. Additionally, plaintiff requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The uncontroverted facts are as follows: On April 28, 1993, while an inmate at the Macomb County Jail in Mt. Clemens, Michigan, plaintiff committed two minor rule violations by exiting his holding cell, entering another cell and engaging in a conversation with female inmates. As a result of such conduct, the defendant prepared a general incident report and a minor rule violation report. A minor rule violation was imposed on plaintiff which, in accordance with the Macomb County Jail Resident-Inmate Guide, caused plaintiff to be placed in administrative segregation for 48 hours. Plaintiff appealed his discipline by "filing a grievance." The appeal was denied. In his complaint, plaintiff alleged that the defendant violated his due process rights by placing him in administrative segregation without a hearing. The defendant is a correctional officer supervisor at the Macomb County Jail. Plaintiff requested monetary and injunctive relief.
 
 
 3
 On November 30, 1993, the defendant filed a motion to dismiss which asserted that the complaint did not set forth any allegations as to Bechill "which create a deprivation of plaintiff's constitutional rights," that plaintiff had failed to allege specific acts actionable under 42 U.S.C. Sec. 1983, and that plaintiff had failed to set forth a claim upon which relief could be granted. On December 13, 1993, a magistrate judge issued an order deeming the motion to be one for summary judgment, in light of the evidentiary support attached to it. The order also gave plaintiff until January 7, 1994, to respond. No response was filed.
 
 
 4
 In light of plaintiff's failure to respond, the magistrate judge recommended that the motion be granted as one which is unopposed. Alternatively, the magistrate judge recommended that the motion be granted on the merits because plaintiff was afforded all the due process to which he was entitled. Despite plaintiff's objections, the district court adopted the report and recommendation in an order and judgment filed March 23, 1994. This timely appeal followed.
 
 
 5
 Initially, we note that, because the defendant presented evidentiary support for his motion to dismiss, the district court appropriately treated the motion as one for summary judgment. Fed.R.Civ.P. 56(c).
 
 
 6
 Upon review, we affirm the district court's judgment because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The federal Constitution, standing alone, does not confer upon prisoners a "liberty interest" in any particular form of confinement. See Hewitt v. Helms, 459 U.S. 460, 467-68 (1983). Therefore, any liberty interest that plaintiff may have had in not being segregated without benefit of a timely hearing must have been derived from Michigan statutes, rules, or regulations. See Black v. Parke, 4 F.3d 442, 446-67 (6th Cir.1993); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). The Macomb County Resident-Inmate Guide does not give plaintiff a protected interest in being free of administrative segregation without a hearing. The Guide does not mandate hearings upon the imposition of administrative segregation. The absence of language conditioning the imposition of administrative segregation upon a due process hearing is dispositive of plaintiff's procedural due process claim. See Hewitt, 459 U.S. at 471-72.
 
 
 7
 To the extent the Macomb County Resident-Inmate Guide is deemed to create a liberty interest, no due process violation occurred here. Review of the record shows that plaintiff received all the process he was due. The placement of plaintiff in administrative segregation was authorized following review of a written incident report which was based on observations that plaintiff stepped out of his holding cell without authorization, walked to another holding cell and engaged in a conversation with the female inmates, again without authorization. Plaintiff appealed the decision by "filing a grievance." The appeal was denied. See Hewitt, 459 U.S. at 476. Plaintiff received all the process he was due.
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.